**Pages 1 - 9**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable Roger T. Benitez, Judge

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
   VS.                       )          NO. 13-CR-00882-BEN
                             )
JIMMY SANCHEZ,               )
                             )
          Defendant.         )
_____)

                         San Diego, California
                         Monday, June 24, 2013

              **TRANSCRIPT OF SENTENCING HEARING**


**APPEARANCES:**

For Plaintiff:
                         LAURA E. DUFFY
                         United States Attorney
                         880 Front Street, Room 6293
                         San Diego, California 92101
                   BY:   **MELANIE K. PIERSON, ESQ.**
                         **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:
                         THE LAW OFFICES OF KNUT JOHNSON
                         The Executive Complex
                         1010 Second Avenue, Suite 1850
                         San Diego, California 92101
                   BY:   **KNUT S. JOHNSON, ESQ.**
                         **ATTORNEY AT LAW**

Reported By:      Deborah M. O'Connell, RPR, CSR
                  Official Court Reporter

Transcribed by:   James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                  Official Court Reporter
                  E-mail:  james_penceaviles@casd.uscourts.gov
                  Telephone Number:  (619) 587-0173

**Monday - June 24, 2013**                                    **11:18 a.m.**

P R O C E E D I N G S

---oOo---

THE CLERK:  6 on calendar, 13-CR-0882, USA versus Jimmy Sanchez, sentencing with a presentence report.

MR. JOHNSON:  Good morning, Your Honor.  Knut Johnson for Mr. Sanchez.  He'll be right out.

MS. PIERSON:  Melanie Pierson on behalf of the United States.

And in this matter, Your Honor, I need to advise the Court that the Government's sentencing summary chart is not correct.

THE COURT:  That's a shocker.  I'm shocked.

(Laughter.)

MS. PIERSON:  As am I.

And --

THE COURT:  I'm just teasing you.  I know the Government makes mistakes, too.

Go ahead.

MS. PIERSON:  And -- well, in this particular case, the plea agreement calls for the Government to recommend a beginning base offense level of 16.

THE COURT:  Not 18?

MS. PIERSON:  Not 18.

THE COURT:  Okay.

MS. PIERSON:  And so everything would be two levels

lower, and our recommendation would be the low end, which would be six months.

THE COURT:  Great.

Thank you.  I appreciate your preempting me on that.

(Laughter.)

THE COURT:  All right.

MR. JOHNSON:  Your Honor, Mr. Sanchez is now present before the Court.

THE COURT:  Give me just a second.

THE CLERK:  Number 1 is off.

THE COURT:  Oh.  Okay.  All right.

All right.  I'm -- I'm willing to adopt a six-month sentence in this case.

MR. JOHNSON:  Thank you, Your Honor.

I would simply point out that his father and brother are in court, but they've been very supportive throughout this case, and Your Honor has received our sentencing memo.

With that, we have nothing to add if the Court is inclined to impose six months.

THE COURT:  Mr. Sanchez, you have a right to address the Court.  Anything you want to say?

THE DEFENDANT:  I just wanted to say that this is the last time --

THE REPORTER:  I'm sorry.

Mr. Johnson, can you move the microphone?

THE COURT:  I'm sorry.

Can you -- thank you.

THE REPORTER:  Can you start over?

THE DEFENDANT:  Yeah.

I just wanted to say this is the last time I'll be going through this process.

THE COURT:  Good.  Well, I hope so.

Ms. Pierson?

MS. PIERSON:  We'll submit.

THE COURT:  Okay.

MR. JOHNSON:  And, Your Honor, I -- I would note any errors are not by Ms. Pierson in this case.  It was some unnamed assistant.

THE COURT:  Ah.

That's good because I -- you know, I'm like Santa Claus. I keep a list.

(Laughter.)

THE COURT:  And I didn't -- and I had Ms. Pierson on -- on the list, but I'll scratch her off the list this time.

MR. JOHNSON:  Thank you, Your Honor.

THE COURT:  You bet.

All right.  Well, okay.  So let's see.  We -- I keep losing my place.  I apologize for that.

Yeah.  He is a U.S. citizen; right?

MR. JOHNSON:  He is a U.S. citizen.

THE COURT: Okay. Good.

All right. So the guideline calculations are as follows:

The base offense level is 16, reduced by three levels for acceptance of responsibility. He has two criminal history points, puts him in a Criminal History Category II. The Government agrees to a four-level fast-track departure, results in a guideline range of 6 to 12 months.

I'll remand him to the custody of the Bureau of Prisons for a period of six months. I am going to put him on supervised release, though.

As conditions of supervised release, he will obey all laws, including state, local, and federal. He'll comply with all standard and mandatory conditions of supervised release, including the following:

He will not enter or reside in the Republic of Mexico without permission of the Court or the probation officer.

He'll submit his person, his residence, his office, or his vehicle to a search conducted by a United States probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.

Failure to submit to a search may be grounds for revocation, and the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

And I'm sorry, but I've had a lot of cases this morning. I'm trying to remember.

Was he -- was he employed?

**MR. JOHNSON:**  Yes, Your Honor.

**THE COURT:**  What was he doing?  What was he working in?

**MR. JOHNSON:**  He was in appliance installation at a warehouse, and he actually -- we've had contact from his employer.  They'll take him back.

**THE COURT:**  Okay.  Well, good.

I'm going to inflict a little more pain on you just because I want to make sure that you remember this.  Okay?

Now, I'm going to impose a 200-dollar fine.  I'm going to order that you pay that fine in installments of not less than $10 per month.

**THE DEFENDANT:**  Okay.

**THE COURT:**  I'm going to give you 60 days to start paying that fine.  Okay?  So every month, starting 60 days from now, I want you to write that check to the District Court Clerk for the Southern District of California in the amount of ten bucks.  Okay?

I'm doing that for a couple of reasons, one of which is you said you're never going to go through this process again. Well, I want to make sure that that's true.

I've put you on supervised release.  If you violate any

condition of supervised release, you're going to come back here, and you're going to see me.  If I see you again, I have the ability to send you to prison for up to three years.  I don't want to do that.  I really don't want to do that.

So I'm sort of giving you an incentive.  I'm giving you something to remember.  So every month, you're going to write that check, ten bucks.

And when you write that check -- hopefully, you're going to write a check, or you're going to get a money order, but you've got to remember, "Hey, I'm on supervised release.  I better not violate any laws, I better not violate any conditions of supervised release, or I'm going to go back to prison."

Do we understand each other?

**THE DEFENDANT:**  Understood.

**THE COURT:**  Good.

All right.  I will -- I will -- I'm also going to order that you pay a hundred-dollar special assessment.  That will be paid along with the 200-dollar fine.  It will be paid, as I said, in installments of not less than $10 per month.  Okay?

Now, Mr. Johnson, if you'll do me a favor to deliver to him the conditions of supervised release, please.

**THE CLERK:**  How many years of supervised release?

**THE COURT:**  Oh.

I'm sorry.  I thought I said -- did I not say -- three

years, I think I said.  Didn't I say it?

**MS. PIERSON:**  You did.  You told him you could send him back to jail for up to three years.

**THE COURT:**  All right.  So there are the conditions of supervised release.

Honestly, I really don't want to send you to prison.  So don't make me do it.  Okay?  Very simple.  All you've got to do is just follow the law.  Okay?

Don't do anything silly like, you know, try to bring in more marijuana or -- you know, don't -- don't be using marijuana.  Don't use drugs.  Don't drink and drive, you know, simple -- simple rules.  Okay?

Pay your fine.  Pay your special assessment.  Three years will go by, you'll be a law-abiding member of society, and your life will be much better.  Okay?

Mr. Johnson, do you acknowledge that he's waived his right to appeal and collateral attack?

**MR. JOHNSON:**  He has.

**THE COURT:**  Mr. Sanchez, do you acknowledge that you've waived your right to appeal and collateral attack?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Okay.  Good luck to you, young man.  I hope it all works out for you.  Okay?

You take care.

**MR. JOHNSON:**  Thank you, Your Honor.

**THE COURT:** And for his family back there -- hey, would you guys do me a favor? Make sure that he walks in a nice, straight, and narrow line for the next three years.

**AUDIENCE MEMBER:** You got it.

**THE COURT:** I don't want to send him back to prison.

All right. Thank you.

All right. I believe that concludes the calendar this morning. We are in recess until this afternoon.

**MS. PIERSON:** Is Matter Number 1, then, off the calendar?

**THE CLERK:** It's off calendar.

**MS. PIERSON:** Thank you.

**THE COURT:** Thank you.

(Proceedings adjourned at 11:26 a.m.)

**CERTIFICATE OF TRANSCRIBER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the stenographic notes of Official Court Reporter Deborah M. O'Connell provided to me by the U.S. District Court for the Southern District of California of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:   Friday, April 18, 2025

/S/ James C. Pence-Aviles
_____

James C. Pence-Aviles, RMR, CRR, CSR No. 13059
U.S. Court Reporter